UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **ORDER SCHEDULING** |
| | : | **CONFERENCE IN ADVANCE** |
| -against- | : | **OF SENTENCING** |
| | : | |
| ANTONIO HERNANDEZ-MARTINEZ, | : | S1  04 Cr. 849 (AKH) |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On March 17, 2005, Defendant Antonio Hernandez-Martinez pleaded guilty to both

counts of an indictment charging (1) conspiracy to distribute and possess with intent to distribute

five kilograms and more, and with a total amount of approximately at least 150 kilograms, of

mixtures and substances containing a detectable amount of cocaine, in violation of sections 812,

841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code; and (2) possession with intent

to distribute and attempt to possess with intent to distribute five kilograms and more, and with a

total amount of approximately 100 kilograms, of mixtures and substances containing a detectable

amount of cocaine in violation of sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, and

section 2 of Title 18, United States Code.  I accepted Defendant's plea before Magistrate Judge

Katz on April 20, 2005.

Yesterday I received a copy of a letter from the government, dated July 22, 2005,

addressed to Defendant's counsel, Gary Villanueva, Esq., relating the government's position that

Defendant had not satisfied the requirements of 18 U.S.C. § 3553(f) (the "safety valve"

provision).  The letter states that at a proffer session held at the U.S. Attorney's Office on July

21, 2005, Defendant maintained that "when he drove his co-defendants Jesus Campa and

1

Gilberto Jimenez-Hernandez to meet co-defendant Jeffrey D. Fields in the early hours of the morning of July 10, 200[4], he was not aware that the purpose of the trip was to pick up a shipment of cocaine from Fields."  The letter further states that this statement by Defendant is "in direct contradiction" to his plea allocution, when he stated under oath that "he did know that he was going to pick up cocaine and that he had agreed to go with Campa and Jimenez-Hernandez to pick up cocaine."

The full segment of the plea allocution addressing these events is as follows:

THE COURT:  I need you to tell me now, in your own words, what you did that's causing you to plead guilty to these charges.
DEFENDANT:  I was driving a car with Jesus Camp[a] and Gilberto Jimenez, in the City of Monroe, New York, when they were going to pick up drugs.
THE COURT:  When were you in that car?
DEFENDANT:  I was driving, they were with me.
THE COURT:  Was that last July, 2004?
DEFENDANT:  10th, July 10th.
THE COURT:  And were you in that car driving because you had agreed to go with them to pick up the drugs?
DEFENDANT:  Yes, sir.
THE COURT:  And did you know that you were going to be picking up cocaine?
DEFENDANT:  Yes, sir.
THE COURT:  Was the purpose of picking up the cocaine to ventilate or distribute it to other people?
DEFENDANT:  That I don't know, your Honor.

Tr. of Mar. 17, 2005, at 10-11.

Notwithstanding my acceptance of Defendant's guilty plea, I have had reservations about Defendant's acceptance of responsibility, which I expressed to the parties on March 16, 2005, when, after a protracted examination, I refused to accept Defendant's guilty plea.  See Tr. of Mar. 16, 2005.  Under Fed. R. Crim. P. 11(b)(3), "[b]efore entering judgment on a guilty plea, the

court must determine that there is a factual basis for the plea." Under Second Circuit law, in order to be liable for distribution, the government must prove beyond a reasonable doubt that the defendant knowingly and intentionally distributed a controlled substance. United States v. Gore, 154 F.3d 34, 45 (2d Cir. 1998) (citing 21 U.S.C. § 841(a)(1)). Further, the "essential elements" of the crime of possession with intent to distribute are "that the defendant: (1) knowingly (2) possessed a controlled substance (3) with a specific intent to distribute it." Id. (citing United States v. Martinez, 44 F.3d 148, 151 (2d Cir. 1995)). In addition, the crime of conspiracy to distribute, or to possess with intent to distribute, cocaine requires proof beyond a reasonable doubt that Defendant agreed with others to commit the substantive crime. The government's letter detailing the failed proffer session raises my concerns about the sufficiency of the "factual basis" of Defendant's guilty plea.

In view of the foregoing, I hereby schedule a conference, on August 11, 2005, at 4 p.m., at which time these issues shall be addressed.

SO ORDERED.

Dated: New York, New York
      July 26, 2005

ALVIN K. HELLERSTEIN
United States District Judge

3